IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES S. STRIEGEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 94-PT-2009-S |
| | ) |
| JAMES H. DELOACH, and the | ) |
| ATTORNEY GENERAL FOR | ) |
| THE STATE OF ALABAMA | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On January 23, 1998 the magistrate judge filed a Findings and Recommendation in this case. On February 9, 1998 petitioner filed objections which are due to be overruled. In his objections, petitioner attempts to excuse any procedural default on his part by claiming as cause that he had limited knowledge concerning legal proceedings. "[I]lliteracy and lack of ability to understand the state habeas proceedings will not constitute cause to excuse a procedural default." *See Smith v. Newsome*, 876 F.2d 1461, 1465-66 (11th Cir. 1989).

Upon review of the magistrate judge's findings and recommendation, the Rule 32 court's order denying the Rule 32 petition and the Alabama Court of Criminal Appeals' decision affirming the denial of the Rule 32 petition, the court concludes that the magistrate judge correctly held that certain claims presented by petitioner were procedurally barred from federal review or, alternatively, were without merit as petitioner had failed to show that counsel's performance was deficient and/or that the petitioner had failed to show that the defense was prejudiced by counsel's performance.

Petitioner also alleges that he is "100% innocent of the charges I have been convicted of." A federal court may consider an issue even though it is procedurally defaulted "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The court is satisfied that petitioner has failed to present any evidence that a constitutional violation has probably resulted in the conviction of one who is actually innocent as there was overwhelming evidence at trial indicating that petitioner is not "actually innocent."

The court will file a final judgment simultaneously herewith consistent with this memorandum opinion.

**DONE** this the 3rd day of ~~February~~ March, 1998.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE

2